**Valeriy Vladimirovich KOLODCHENKO,**
Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73938.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Elena E. Tsiprin, Esq., Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Susan G. Loitz, Esq., Office of the U.S. Attorney, Seattle, WA, Genevieve Holm, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

Fed. R.App. P. 34(a)(2).

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Valeriy Vladimirovich Kolodchenko, a native and citizen of Russia, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA reviews de novo the IJ's decision, our review is limited to the decision of the BIA. *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006). We review for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

Substantial evidence supports the BIA's finding that the treatment Kolodchenko endured at the hands of drunken sailors did not rise to the level of past persecution, and that he does not have a well-founded fear of future persecution if he returns to Russia. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003).

Because Kolodchenko failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Substantial evidence supports the denial of Kolodchenko's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to Russia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

